UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENISSIA KELLEY,

    Plaintiff,

vs.                                     Case No.  3:13-cv-631-J-MCR

CAROLYN W. COLVIN
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits.  Plaintiff filed an application for Disability and Disability Insurance Benefits in May of 2007, alleging disability beginning September 15, 2005 (Tr. 97-115).  The Social Security Administration denied Plaintiff's application initially on July 13, 2007, upon reconsideration on November 21, 2007, and again on April 6, 2009 after a hearing before an Administrative Law Judge ("ALJ") (Tr. 11-22, 59-63).  After the Appeals Council denied Plaintiff's request for review (Tr. 1-3), Plaintiff appealed to this Court and the case was remanded on August 30, 2010 (Tr. 361-75).  An additional hearing was held on November 5, 2010 (Tr. 322-60), and the ALJ issued a decision denying Plaintiff's application on February 16, 2011 (Tr. 307-17).  The Appeals Council denied Plaintiff's request for review on April 11, 2013 (Tr. 295-98).

Plaintiff is appealing the Commissioner's decision that she was not disabled from September 15, 2005 through December 31, 2010, the date last insured.  Plaintiff has

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

exhausted her available administrative remedies and this case is properly before the Court. The Court has reviewed the record, the briefs and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.      Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence must do more than create a mere suspicion of the existence of a fact, and must include relevant evidence that a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401). Substantial evidence is defined as "more than a scintilla of evidence." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. When an ALJ improperly applies the regulations but the correct application would not contradict the ALJ's findings, the result is harmless error and the

ALJ's decision will be affirmed. *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983).

**II.     Summary of Relevant Evidence**

Plaintiff presents with a history of right shoulder post surgery and right wrist injury (Tr. 184-256). The following provides a brief summary of Plaintiff's medical history.

Plaintiff began treating with Dr. Albert G. Volk for wrist pain and shoulder pain in 2003, during which time Dr. Volk recommended conservative treatment (Tr. 191-200). After treating Plaintiff for two years, Dr. Volk recommended a diagnostic right wrist arthroscopy (Tr. 201). He opined Plaintiff should not engage in repetitive activity and should not lift over fifty pounds (Tr. 202). He assigned her a three percent impairment rating of the right wrist. *Id.* In February of 2006, Plaintiff began receiving cortisone injections for her right wrist. She reported initial relief followed by returned pain (Tr. 203-06). On July 31, 2006, an MRI revealed a full thickness tear of Plaintiff's right shoulder (Tr. 255). On September 21, 2006, Plaintiff underwent right shoulder arthroscopic rotator cuff repair surgery performed by Dr. Volk (Tr. 211, 217). Following the shoulder operation, Plaintiff began physical therapy at Orthopaedic Associates (Tr. 212-50). After nine months of treatment, on April 7, 2007, Plaintiff was discharged from physical therapy with the following determination by Dr. Yolk:  "[Plaintiff's] resolved functional limitations include reaching, grasping, holding, lifting & carrying with the [right upper extremity] for self-care, household, and community [activities of daily living]" (Tr. 250).

On May 2, 2007, Plaintiff presented for an evaluation of her right hand to Orthopaedic Associates of St. Augustine, where she was attended by Dr. John Stark, M.D. (Tr. 184-86). Plaintiff reported having sustained the injury back in 2003 while lifting

something at work (Tr. 184).  Dr. Stark's diagnosis was "VISI deformity with cystic mass of the triquetrum and athritic changes at the lunotriquetral junction" (Tr. 184-85).  He stated Plaintiff had the option of either living with the condition or pursuing corrective surgery  (Tr. 186).  Plaintiff declined surgery, and Dr. Stark advised Plaintiff to work on an as-tolerated use of the hand and to use a splint for heavy lifting (Tr. 186).

In August of 2007 Plaintiff began to complain of left shoulder pain (Tr. 253).  An MRI of Plaintiff's left shoulder taken by Dr. Carroll on December 20, 2007 revealed "moderate supraspinatus tendinosis with 8 mm x 3 mm interstitial tear that involves greater than 50% of the thickness of the tendon, with probable bursal surface extension far anteriorly" (Tr. 258).  The MRI also revealed "[m]ild hypertrophic change of the acromioclavicular joint that impinges upon the cuff."  *Id.*

On November 19, 2007, state agency medical consultant Dr. Donald Morford completed an RFC evaluation (Tr. 267-87).  Dr. Morford indicated Plaintiff "can work with an as tolerated use of the hand."  (Tr. 269).  He opined Plaintiff can lift twenty pounds occasionally and ten pounds frequently "with occasional to frequent overhead use of the right shoulder, occasional to frequent use of the right hand, and avoidance of extremes" (Tr. 269).

In addition to the medical records, Plaintiff testified at her hearing before the ALJ that she has a hard time sleeping through the night because of hip pain (Tr. 333); her left knee experiences pain when she puts pressure on it (Tr. 335); she can probably only walk approximately twenty-five yards at a time (Tr. 337); she has to sit with several pillows behind her back (Tr. 338); she performs household chores with breaks in between (Tr. 339); she performs some light shopping (Tr. 339); and her driving becomes difficult after

approximately thirty minutes (Tr. 341-42).

### III. Issue on Appeal

The issue on appeal is whether the ALJ failed to incorporate all of Plaintiff's physical limitations in his hypothetical to the vocational expert ("VE"). Plaintiff argues the ALJ failed to include in the hypothetical any limitations with regard to reaching, handling or fingering (Doc. 21 at 5). Plaintiff contends the restriction to "no repetitive pushing, pulling or forceful gripping" does not adequately describe the handling or fingering limitations "that may be present." *Id.* at 7.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhard*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999), *cert. denied*, 529 U.S. 1089 (2000)). However, an ALJ is not required to include in a hypothetical question limitations that are not supported by the record or limitations the ALJ properly rejected. *Bouie v. Astrue*, 226 F. App'x 892, 894 (11th Cir. 2007) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)). When an ALJ relies on the testimony of a VE, "the key inquiry shifts from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE." *Corbitt v. Astrue,* No. 3:07–cv–518–J–HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr.17, 2008). Therefore, the Court must determine whether the ALJ failed to include any limitations resulting from Plaintiff's severe impairments in the hypothetical question that formed the basis of the VE's testimony. In this case, the hypothetical question posed by the ALJ mirrors the RFC.

The RFC is an assessment, based upon all of the relevant evidence, of a claimant's

remaining ability to do work despite the claimant's impairments.  20 C.F.R. § 404.1545.  The RFC is defined in the regulations as "the *most* [an individual] can still do despite [his or her] limitations."  *Id.* (emphasis added).  The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

  The ALJ found Plaintiff could lift up to twenty pounds occasionally and ten pounds frequently, "but could not repetitively push, pull, or forcefully grip with the right hand" (Tr. 311).  Further, the ALJ found Plaintiff could "reach above shoulder level with either hand on an occasional basis."  *Id.*  The ALJ posed a hypothetical question to the VE that included these restrictions.  The ALJ based his determination of the limitations presented by Plaintiff's severe impairments on all of the relevant medical evidence and opinions in the record.  The ALJ afforded significant weight to the opinion of the state agency medical examiner Dr. Morford (Tr. 316).  In his RFC assessment, Dr. Morford checked boxes indicating Plaintiff had manipulative limitations in her ability to reach in all directions, handle and finger (Tr. 270).  In the section instructing Dr. Morford to "[d]escribe how the activities checked 'limited' are impaired," Dr. Morford stated, "[o]ccasional to frequent overhead use of the right shoulder and occasional to frequent use of the right hand."  *Id.*  The ALJ gave great weight to the opinions of Plaintiff's treating physicians, who were familiar with her subjective complaints and the combined effect of her impairments (Tr. 315).  The ALJ noted Dr. Stark opined Plaintiff could "work with an as tolerated use of the hand" with a splint for heavier lifting (Tr. 186, 314), and Dr. Volk opined Plaintiff could perform light duty work with no overhead activity, repetitive activity, or lifting more than fifteen pounds (Tr. 248, 313).  The ALJ noted no treating physician issued any permanent restrictions greater than those

noted in the RFC.  *Id.*

Based on the foregoing, the Court finds the ALJ followed proper legal standards, considered all the evidence of record, and supported his RFC finding with substantial evidence.  It is clear from the ALJ's decision that his RFC determination was reached by relying on the limitations expressed by Plaintiff's treating physicians and as supported by Dr. Morford.  The RFC is consistent with those opinions.  Dr. Morford did not identify any limitations in reaching, handling or fingering beyond "[o]ccasional to frequent overhead use of the right shoulder and occasional to frequent use of the right hand."  Plaintiff has not pointed to any other evidence to support her contention that she has limitations in her ability to reach, handle or finger beyond those assessed by the ALJ.   Accordingly, the Court finds substantial evidence supports the ALJ's RFC determination.  In reaching this decision, the Court has declined, as it must to re-weigh the evidence or substitute its own judgment for that of the ALJ.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

At the hearing, the ALJ asked the VE a hypothetical question that mirrored the ALJ's RFC determination.  Relying on the VE's testimony, the ALJ found Plaintiff was capable of returning to her past relevant work as a hand packager as performed, not as defined in the Dictionary of Occupational Titles, and as an agricultural produce sorter, both as performed and as defined (Tr. 359, 316).  The VE's testimony provides substantial evidence to support the ALJ's step four determination that Plaintiff's impairments do not prevent her from doing past relevant work.  *See Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010) ("[T]he Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise.").

## IV.     Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on de novo review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the Court concludes the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be **AFFIRMED.**  Accordingly, the Clerk of the Court is directed to enter judgment affirming the Commissioner's decision and, thereafter, to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of May, 2014.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record